**Dated: December 30, 2014**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

In re:

TIMMY DEWAYNE JESTER            Case No.   11-80627-TRC
REBECCA JO JESTER,              Chapter 7

        Debtors.

## ORDER DENYING MOTION TO REOPEN

Before the Court is Timmy Dewayne Jester's Motion to Reopen Case for the Purpose of filing a Complaint (Docket Entry 18), Objections filed by Gerald R. Miller, Trustee (Docket Entry 21), Jeremy S. Mix, (Docket Entry 22), and Mark E. Hardin on behalf of Wells Fargo Bank, N.A. (Docket Entry 23), and Debtor's Responses to the Objections (Docket Entries 26, 27 and 28). Debtor also submitted additional materials for the Court to review. The Court held a hearing on this matter on December 10, 2014. Having reviewed the motions, objections, responses and materials presented, as well as considering the arguments presented at the hearing, the Court concludes that the relief sought cannot be granted, therefore the Motion to Reopen must be denied.

I. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding as contemplated by 28 U.S.C. §§ 157(b)(1).

II. Background

This case was filed by Debtors Timmy Dewayne Jester and Rebecca Jo Jester on April 29, 2011. It was a no-asset, Chapter 7 case. They received a discharge on July 27, 2011. Prior to filing bankruptcy, Wells Fargo Bank had initiated a foreclosure action in state court against Debtor and his former wife, a co-signer on the note and mortgage. This action was dismissed after the bankruptcy. Debtor entered into a loan modification with Wells Fargo. The Loan Modification agreement provided that Debtor's personal obligation had been discharged in bankruptcy, and that Wells Fargo's remedies extended only to the property itself. Debtor defaulted on the modified payments, so a subsequent foreclosure action *in rem* was filed against Debtor in July of 2012, Case No. CJ-2012-00308, in Wagoner County, Oklahoma. A copy of the docket sheet from this case was attached as Exhibit A to Wells Fargo's Objection to the Motion to Reopen. According to Wells Fargo's counsel, Mark Hardin, Debtor contested the foreclosure but a judgment was entered in favor of Wells Fargo and against Debtor on October 8, 2014.

Debtor filed this Motion to Reopen on October 29, 2014.[1] The Motion requests that this Court reopen Debtor's bankruptcy case so that he can file an adversary proceeding against Wells Fargo Bank, his bankruptcy attorney Jeremy S. Mix, and attorneys Ben Callicoat and Cliff Baker. He alleges that Wells Fargo violated the automatic stay and discharge injunction by foreclosing on his mortgage, and he alleges a multitude of violations of various state and federal laws. He wants this Court to hold Wells Fargo in contempt, and assess punitive damages against

---

[1] The docket sheet from the state court foreclosure action reflects that on this same date, Debtor filed a Motion to Stop Foreclosure Proceedings in the state court case.

it. He alleges violations of federal law, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Federal Discovery Code.. He also alleges violations of Oklahoma law, including violations of the Oklahoma Constitution, the Oklahoma Discovery Code, and Oklahoma lien laws. Other allegations include intentional infliction of emotional distress, fraud, robo-signing, and misapplication of payments.

During the December 10, 2014 hearing on his Motion to Reopen the bankruptcy case, Debtor stated to this Court that he has not made a mortgage payment to Wells Fargo since November of 2011. He raised numerous issues regarding improprieties he believes to have occurred in his bankruptcy case and his state court foreclosure action. He also stated that Wells Fargo was to have no contact with him once his discharge was entered in the bankruptcy case. Essentially, he wants this Court to set aside the state foreclosure action and release the lien on his home, asserting that his debt to Wells Fargo was discharged in bankruptcy and the attempt to foreclose on the mortgage post-discharge is a violation of the automatic stay and discharge injunction.

III. Analysis

Section 350(b) of Title 11 provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." This language allows a court broad discretion to exercise its power to reopen a case whenever it finds cause.[2] However, motions to reopen should only be granted if the underlying relief requested can be granted by the bankruptcy court.[3] In this case, as noted by Trustee Gerald Miller, the Court cannot grant the relief Mr. Jester requests. Wells Fargo filed the *in rem* foreclosure action

---

[2] *See In re Alpex Computer Corp.,* 71 F.3d 353, 356 (10th Cir. 1995)(citation omitted).

[3] *See In re Schicke*, 290 B.R. 792, 798 (B.A.P. 10th Cir. 2003).

after the discharge was entered and the bankruptcy case closed. Under questioning from the Court, Debtor admitted that he has not made a mortgage payment in over three years, but he evidently believes that the mortgage debt to Wells Fargo was discharged in bankruptcy and that the foreclosure judgment is a violation of his bankruptcy discharge injunction. The Court agrees with Wells Fargo, Trustee Miller and Mr. Mix that there appears to be no violation of the automatic stay or discharge injunction by Wells Fargo, nor is there any relief this Court could provide to Debtor. This Court has no authority to set aside a mortgage lien or a state foreclosure judgment, nor can it order parties to a state court action to comply with discovery requests made in that state court action. In seeking an order from this Court to correct alleged injustices and errors in the state court action, Debtor is attempting to appeal the decision of the state court. This Court has no jurisdiction to review the judicial proceedings of the Oklahoma state court. The *Rooker-Feldman* doctrine prevents this Court from acting as an appellate court to review a final, state court judgment or claims inextricably intertwined with them.[4]

    Debtor also seeks unspecified relief from this Court against the three named attorneys. He believes that the foreclosure action is the fault of his bankruptcy attorney, Jeremy Mix, in not obtaining a reaffirmation agreement with Wells Fargo during the bankruptcy, and for his actions or inactions regarding a loan modification. Mr. Mix adequately explained the actions he took on behalf of Debtor. He stated that there were substantial arrearages due on the mortgage debt when Debtor's bankruptcy was filed. This prevented any chance to negotiate a reaffirmation agreement with Wells Fargo. Even if a reaffirmation agreement had been entered, it would not have prevented Wells Fargo from pursuing a foreclosure action against Debtor when he defaulted on the mortgage. There appears no reason to reopen to pursue any relief from Mr.

---

[4] *See Exon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005); *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (citations omitted).

Mix. The Court is unable to identify any actionable conduct involving attorneys Callicoat or Baker or understand what relief Debtor seeks from them. Thus, the Court finds no reason justifying reopening to pursue Callicoat or Baker.

It appears to this Court that Debtor is simply trying to delay the state court foreclosure proceeding. Since this Court cannot grant the requested relief, no cause exists to grant Debtor's Motion to Reopen.

IT IS THEREFORE ORDERED that Timmy Dewayne Jester's Motion to Reopen Case for the Purpose of filing a Complaint (Docket Entry 18) is hereby **denied.**

###